IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

COURTNEY B. CARR                                        PLAINTIFF

v.                          CIVIL NO. 19-cv-3078

ANDREW SAUL, Commissioner                    DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Courtney Bree Carr, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on July 3, 2017. (Tr. 54). In her application, Plaintiff alleged disability beginning on June 13, 2017, due to: anxiety and post-traumatic stress disorder (PTSD). (Tr. 54, 251). An administrative hearing was held on March 27, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 54, 72-109). At the hearing, Plaintiff amended her alleged onset date to August 8, 2017. (Tr. 77).

On June 12, 2019, the ALJ issued an unfavorable decision. (Tr. 51). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: hypertension, congestive heart failure, chronic obstructive pulmonary disease, degenerative disc disease of the lumbar spine L5-S1, fibromyalgia, anxiety, depression, and obesity. (Tr. 56). However, after reviewing all of the evidence presented, the

1

ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 56-58). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [Pe]rform sedentary work as defined in 20 CFR 404.1567(a), except limited to a controlled environment where she is not exposed to dust, fumes, or smoke in concentrated amounts, or temperature extremes, limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and limited to jobs with simple tasks, simple instructions, and only incidental contact with the public.

(Tr. 58-61).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform her past relevant work but would be able to perform the representative occupation of copy examiner with 8, 500 jobs in the nation. (Tr. 61-62). The ALJ found Plaintiff was not disabled from August 8, 2017, through the date of his decision. (*Id.*).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal: 1) whether the ALJ erred in finding Plaintiff retained the RFC to perform a limited range of sedentary work; 2) whether the ALJ erred in his analysis of the medical opinion evidence; and 3) whether the ALJ erred in his evaluation of Plaintiff's daily activities. (Doc. 13). The Commissioner argues the ALJ properly determined Plaintiff's physical RFC.  (Doc. 14).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 2nd day of November 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE